KEITH ROGERS *v.* STATE OF ARKANSAS

5523                                    458 S. W. 2d 369

Opinion delivered September 28, 1970
[Rehearing denied November 2, 1970.]

*Jeff Duty,* for appellant.

*Joe Purcell,* Attorney General; *Sam Gibson,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was convicted of the larceny of a boat and trailer belonging to Maxwell's Esso Station. His appeal questions the sufficiency of the evidence to support the jury verdict. Viewing it in the light most favorable to the state, we find it sufficient.

Morris Maxwell, proprietor of the station, kept boats and motors as stock-in-trade. On the night preceding February 5, 1970, he left one boat resting on a trailer chained to a light pole on the north side of the station. About 2:30 a.m. on February 5, Officers Paul Wood and Harold Flowers were patrolling the street in front of the station and saw a Thunderbird automobile backed up to the boat and a man standing behind the auto. They drove their patrol car to the next driveway on the street and watched the car at the station. When they saw this car pull out from the station, they pursued it to a driveway of a fire station on another street and blocked the Thunderbird there as the driver attempted to turn it around. The driver was identified by Paul Wood as the defendant and the person seen behind the vehicle at Maxwell's station. The officers looked into this automobile and saw a pair of bolt cutters lying on the right front floorboard. There was a trailer hitch on the rear of this vehicle. The defendant was arrested and searched. He had a small, cheap .22 caliber gun in a coat pocket. The officers then returned to the Maxwell station with the defendant in custody. There they found that the boat had been moved from its previous position and the chain by which it was secured to the lamp post cut.

The bolt cutters and chain were taken to the police station and on February 6 delivered by the Chief of Police to Paul McDonald, who was in charge of the State Police Firearms Identification Laboratory. McDonald testified that when a tool is manufactured, machine marks are left which are identifiable in the marks made by that tool. It was his opinion that the severed link of the chain had been cut by that particular set of cutters. It was stipulated that the boat and trailer were never removed from Maxwell's premises.

The principal argument advanced by appellant is that the evidence fails to show that the defendant ever had such possession and control of the boat and trailer adverse to the owner to constitute the crime of larceny. This argument is based upon the fact that the tongue of the trailer supporting the boat was only lifted off a block upon which it rested, and that no evidence showed that the trailer was ever hitched to defendant's automobile. We find this argument invalid.

We have said that the requisite element of asportation in larceny cases may be found from the slightest removal of goods from the place where they were left by the owner. *Anderson* v. *State*, 200 Ark. 516, 139 S. W. 2d 396; *Reynolds* v. *State*, 199 Ark. 961, 136 S. W. 2d 1028. The fact that the property was not actually removed from the owner's premises does not make the thief's dominion over it incomplete nor preclude a finding that there was an asportation. *Banks* v. *State*, 133 Ark. 169, 202 S. W. 43. In cases from other jurisdictions, it has been held that: moving a safe in a building five feet before the owner arrived is an asportation, *Caruso* v. *State*, 205 Tenn. 211, 326 S. W. 2d 434 (1958); removal only a hair's breadth is sufficient, *Gettinger* v. *State*, 13 Neb. 308, 14 N. W. 403 (1882); the slightest change of location is sufficient, *Lundy* v. *State*, 60 Ga. 143 (1878); the least removal of a thing from the place it was located is sufficient. *Wombles* v. *Commonwealth*, 317 S. W. 2d 169 (Ky. Ct. App. 1958); the act of asportation is complete when the property taken is moved from its original position regardless of however slight may be the change of position, *Blakeney* v. *State*, 31 Ala. App. 154, 13 So. 2d 424 (1942), reversed for error in instructions, *Blakeney* v. *State*, 244 Ala. 262, 13 So. 2d 430 (1943).

It was reasonable for the jury to infer that appellant, with larcenous intent, cut the chain by which the boat and trailer had been fastened to the light pole, and removed them from their original position where they were supported by a concrete block in order to fasten the tongue of the trailer to the hitch on his vehicle.

The evidence was sufficient to show asportation and felonious intent.

The judgment is affirmed.