Wayne Terrell LEE *v.* STATE of Arkansas

CR 78-109                              571 S.W. 2d 603

Opinion delivered October 16, 1978
(Division I)

*William C. McArthur,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Deputy At-

ty. Gen., for appellee.

FRANK HOLT, Justice. The trial court, sitting as a jury, found the appellant guilty of theft of property and sentenced him to three years' imprisonment in the Department of Correction. Appellant contends the trial court erred in allowing hearsay testimony, over appellant's objection, relating to the value of four men's suits which were stolen from a local store. We must agree.

The burden was upon the state to show by competent evidence that the value of the property exceeded $100 in order to constitute a felony as charged here. Ark. Stat. Ann. § 41-2203 (2)(b)(i) (Repl. 1977).

The only witness who testified as to the value of the property was the security guard who apprehended the appellant. On direct examination this witness testified that the four stolen men's suits were valued at $75 each or a total of $300. On cross-examination he testified that his only information as to value was based upon his observation of the price tags on the suits. The appellant objected stating, *inter alia*, that this witness' knowledge of any kind of value of the property "would be strictly hearsay." The court permitted the state to further question the witness as to value. The witness could only respond that each suit had a price tag of $75. Again the appellant interposed, "That's hearsay." The price tags were not in evidence although they had been introduced in the municipal court proceeding which was made a part of the record on the trial *de novo*. No salesperson or any other employee, who had knowledge of the property's value from the business books or records of the store, was called as a witness. The security guard's testimony, to which a sufficient objection was made, must be characterized as inadmissible hearsay. Inasmuch as no other evidence was adduced as to the fair market value of the property, the evidence is insufficient to support a finding of theft of property valued in excess of $100. *Courtney* v. *State,* 252 Ark. 620, 480 S.W. 2d 351 (1972); and Wigmore, Evidence, § 1362 (3rd ed., 1975). The state relies upon *Boone* v. *State,* 264 Ark. 169, 568 S.W. 2d 229 (1978). However, there no objection was made to the witness reciting the value of the property as reflected by the price tag.

Appellant also asserts that the evidence was insufficient with respect to the actual theft of the property. He maintains that, in a theft from a store, asportation or concealment is a primary concern in determining whether a theft has been committed, since merchandise may be moved around the store without a theft occurring, even if the intent exists, if the merchandise is placed down somewhere else in the store. Appellant misreads our statute on theft of property.

Ark. Stat. Ann. § 41-2203 (Repl. 1977) provides that "[a] person commits theft of property if he: (a) knowingly takes or exercises unauthorized control over . . . . the property of another person, with the purpose of depriving the owner thereof . . . . " The comments to the statute make it plain that asportation and caption are not requisites of wrongful appropriation. Rather, they "are but circumstances to be considered along with all others relevant to the ultimate issue whether the behavior of the actor constituted a negation or usurpation of the owner's dominsion." See also *Rogers* v. *State,* 249 Ark. 39, 458 S.W. 2d 369 (1970).

Viewing the testimony in the light most favorable to the state, evidence was adduced that appellant, after saying to his companion, "everything is O.K.," removed a hook knife from his right rear pocket, cut the pastic cords attaching the four suits to the clothes rack, and removed them from the rack. He handed two of the suits to a companion and they started to leave the store with appellant carrying the other two which he handed to his companion before they exited the store. When appellant was apprehended outside the store, he had a hook knife in his right rear pocket. The evidence is amply sufficient to show unauthorized control over the property with intent to deprive the store of its property.

Reversed and remanded.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.