Gerald SIMS *v.* STATE of Arkansas

CR 80-259                                    613 S.W. 2d 820

Supreme Court of Arkansas
Opinion delivered April 13, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Ray Hartenstein*, Chief Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *A. Carter Hardage*, Asst. Atty. Gen., for appellee.

Robert H. Dudley, Justice. In a bifurcated hearing the appellant was found guilty of burglary and was sentenced to serve 30 years in prison as a habitual offender. While admitting that the evidence is sufficient to convict him of theft, the appellant appeals claiming that the evidence is insufficient to convict him of burglary.

A scenario of the facts is as follows: The appellant entered a Roadrunner service station and convenience store on Asher Avenue in Little Rock. There was only one front entrance to the building and immediately inside the door was a counter with a cash register. There was shelving in a straight line behind the counter except on the left side of the room where there was an aisle leading to the back room. A Roadrunner assistant supervisor, who had just gone off duty, noticed appellant walking to the back of the store. This witness saw appellant open the door that goes into a back room of the store; the door was either closed completely, or within a quarter of an inch of being completely closed. An "employees only" sign was posted on the door. The witness followed and found appellant going through the manager's desk. The top right hand drawer of the desk was open and appellant had his hand inside a money bag that was inside the drawer. The witness yelled to the cashier

to call the police and the appellant dropped the money bag. When the police arrived, the appellant told them he was in the back room looking for a restroom. Actually, access to the restrooms is outside of the store but the two doors there are not marked as restrooms — they are both marked "private." One could not tell from the outside that they are restrooms. In the back room where appellant was caught, there is a sink which is visible upon opening the door, but there are no restroom facilities available to the public either inside or outside the store.

Ark. Stat. Ann. § 41-2002 (1) (Repl. 1977) provides that:

> A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment.

The key language in this statute as it pertains to the appellant's actions is "enters or remains unlawfully." This language is clarified in Ark. Stat. Ann. § 41-2001 (3) (Repl. 1977).

> ... A person who enters or remains in or upon premises that are at the time open to the public does so with license and privilege, regardless of his purpose, unless he defies a lawful order not to enter or remain personally communicated to him by the owner of such premises or some other person authorized by the owner. *A license or privilege to enter or remain in or upon premises only part of which are open to the public is not a license or privilege to remain in a part of the premises not open to the public.*

Appellant contends that there was no personal communication to him that entry into the back room was privileged, thus making it licensed within the meaning of the statute. However, the back room was not open to the public because the door was closed and marked "employees only." As the emphasized language in the statute illustrates, the appellant did not have a license or privilege to enter the back part of the store.

Appellant also contends that when circumstantial evidence is relied upon to support a conviction, every other reasonable hypothesis must be excluded, i.e. , appellant may have been in the back room looking for a restroom. But the appellant was found with his hand in the bag. Clearly this evidence is not circumstantial.

Appellant does not deny that he was attempting to steal the money, but argues that his intent to steal did not arise until after he realized the back room did not contain a restroom. However, appellant's intent can be inferred from circumstantial evidence. In *Chaviers* v. *State*, 267 Ark. 6, 588 S.W. 2d 434 (1979), we said:

> ... by the nature of things, one's intent or purpose, being a state of mind, can seldom be positively known to others so it ordinarily cannot be shown by direct evidence, but may be inferred from the facts and circumstances shown in evidence.

Appellant's intent to commit a burglary can be inferred from the facts presented — appellant walked around in the back of the store, went through a door that was marked for employees only and was found with his hand in a money bag. We find that this evidence supports the burglary conviction.

Affirmed.