Charles E. GRIFFIN *v.* STATE of Arkansas

CA CR 81-18                                    617 S.W. 2d 21

Court of Appeals of Arkansas
Opinion delivered June 17, 1981

146

*E. Alvin Schay*, State Appellate Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

Tom Glaze, Judge. The appellant was charged with kidnapping and rape. At a trial by jury, the jury returned a verdict of guilty on the kidnap charge and remained deadlocked on the rape allegation. Since the appellant possessed prior felony convictions, punishment was imposed under Arkansas' habitual offender's law. Appellant was sentenced to twenty-five years in the Department of Correction.

Confusion existed from the inception of filing the charges against appellant since he was charged with the crime of kidnapping, which was designated in the information as a Class B felony. Under Arkansas law, kidnapping is either a Class A or C felony. If the defendant shows by a preponderance of the evidence that he or an accomplice voluntarily released the person restrained alive and in a safe place prior to trial, kidnapping is a Class C felony. Without such a showing, kidnapping is a Class A felony. On this information which reflected the erroneous Class B classification, evidence was presented by both sides without objections at trial, and the case was submitted to the jury. Subsequently, the jury rendered the verdict of guilty to the kidnapping charge.

The State then presented evidence showing that the

appellant has been convicted of a felony on two prior occasions. After this additional evidence was admitted, the jury again retired to deliberate on the punishment to be imposed. At this point, appellant's attorney interposed his motion to set aside the verdict on the ground that it was contrary to law and the evidence, and the court duly denied the motion. Approximately five minutes after the jury had retired, the court recalled the jurors and advised them that they were given the wrong verdict form. The court then gave the verdict form which reflected that kidnapping was a Class A felony rather than a Class B. The appellant objected to the new instruction, contending that he was prejudiced because he had been given notice that he was charged with kidnapping as a Class B felony. He additionally renewed his motion to set aside the verdict based on the insufficiency of the evidence, but he never requested that a Class C verdict form should be submitted to the jury. Appellant's motions were again denied, and the State orally amended its information to read that the appellant was charged with kidnapping as a Class A felony.

After a review of the evidence, we conclude that the evidence was sufficient to support the kidnapping conviction, but the appellant's punishment should clearly have been imposed under the Class C felony provision. In a presentation of the State's case at trial, the prosecutrix testified that she was safely released by the appellant approximately a block from her house. The State argues that Arkansas law requires the appellant (defendant) to show by the preponderance of the evidence that he voluntarily released the prosecutrix alive and in a safe place. We see no merit in this contention. Obviously, this burden of proof was initially the appellant's. This burden, however, was met by the testimony elicited by the State from the prosecutrix. It is difficult to accept the State's rationale that the appellant would also have to take the stand to confirm the prosecutrix's story that she was voluntarily released alive and in a safe place.

The State, relying on *Ply* v. *State*, 270 Ark. 554, 606 S.W. 2d 556 (1980), further argues that the appellant never objected to the verdict form in trial court and, therefore, may

not do so on appeal. We find that the rule in *Ply* is inapplicable to the facts at bar. While it is true that the appellant did not interpose an objection as to the verdict form, appellant did move that the evidence was not sufficient to support a verdict of kidnapping as a Class A felony. In view of the testimony of the prosecutrix mentioned previously, we agree with appellant and hold the penalty imposed as a Class A felony was erroneous. To hold otherwise would be placing form over substance.

The trial court's error in this instance had no bearing upon the jury's determination of guilt or innocence. It affected only the extent of the punishment to be imposed. We have a choice among several corrective measures, *viz.*, we may reduce the punishment to the maximum for the lesser offense, reduce it to the minimum for the lesser offense, fix it ourselves at some intermediate point, remand the case to the trial court for assessment of penalty or grant a new trial. *Clark* v. *State*, 246 Ark. 876, 440 S.W. 2d 205 (1969). In this case, we choose to remand the case to the trial court for imposition of the penalty.

Appellant's next argument is that the trial court erred in giving an *Allen* charge (otherwise called a "Dynamite" charge). The record reflects that after the jurors had retired to consider their verdict, they returned to the courtroom "after a certain time" and reported to the court that a verdict had not been reached. The judge then asked the foreman how the jury stood numerically, and the foreman replied, "Eleven to one on one count, and ten to two on the other count." Except for two minor deviations, the supplemental instruction or *Allen* charge given by the trial court was the same as that set forth in *AMI Criminal*, Instruction 6004. Appellant concedes that *AMI Criminal*, Instruction 6004 has been approved by the Supreme Court for use in Arkansas but contends the trial court's deviations were prejudicial. The two deviations cited as prejudicial by the appellant are: (1) The trial judge told the jurors that a hung jury would mean additional expense to the tax payers; and (2) The trial judge also told the jurors that he thought they could and should arrive at a verdict in this case. As the State points out in its brief, both of these deviations have been specifically

approved by the Supreme Court in the case of *Graham* v. *State*, 202 Ark. 981, 154 S.W. 2d 584 (1941), quoting *Stepp* v. *State*, 170 Ark. 1061, 282 S.W. 684 (1926), wherein the court held:

> This court, however, is committed to the general rule ... to the effect that the trial court may detail to the jury the ills attendant upon a disagreement, *the expense*, the length of time it has taken to try the case, the length of time the case has been pending, and that the case will have to be decided by some jury upon the same pleadings and in probability upon the same testimony.
>
> * * *
>
> This court ... has held that the trial court may warn the jury to lay aside all pride of opinion and consult with each other for the purpose of harmonizing their views, if possible, under the evidence, and that *it was their duty* to apply the law as given by the court to the facts in the case and deal with each other in a spirit of candor in order *to arrive a verdict*. [Emphasis supplied.]

In view of the Supreme Court's decision in *Graham*, we hold the trial court's variance from *AMI Criminal*, Instruction 6004 was not prejudicial and was consistent with prior court holdings on the same issues raised here. Even though these deviations have been upheld by prior decisions, appellant still contends that the trial judge erred when he inquired as to the numerical division of the jury regarding the verdict prior to his giving the *Allen* charge. This issue was not raised at trial, and appellant asks us to consider this assignment of error for the first time on appeal. In accordance with the rule set forth by the Supreme Court in *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980), we are unable to do so. Suffice it to say, appellant concedes that our Supreme Court has held that it is not error for the trial judge to inquire of a deadlocked jury as to its numerical division.[1] See, *Hardin* v. *State*, 225 Ark. 602, 284 S.W. 2d 111 (1955).

---

[1] The appellant contends that the case at bar is controlled by *Brasfield* v. *United States*, 272 U.S. 448 (1926), which held that a trial judge's inquiry as to a deadlocked jury's numerical division is itself reversible error.

Appellant finally urges that the trial court erred in failing to credit the time he spent in custody prior to trial against his sentence. Under Ark. Stat. Ann. § 41-904 (Repl. 1977), the court must credit the time a defendant spends in custody against his sentence. From a review of the record, there is no showing that this matter was ever brought to the attention of the trial judge nor is there evidence that the appellant served any incarceration prior to his sentence. Since we are remanding this case for the trial court to impose sentence consistent with a Class C felony, we also direct the trial court to consider any evidence which would reflect jail time credit to which appellant may be entitled under § 41-904 above. See, *Swaite* v. *State*, 272 Ark. 128, 612 S.W. 2d 307 (1981).

Reversed and remanded.