Diane SMITH *v.* STATE of Arkansas

CA CR 81-89                               623 S.W. 2d 862

Court of Appeals of Arkansas
Opinion delivered November 25, 1981

*James P. Massie,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. This is a criminal case in which appellant appeals a conviction judgment for manslaughter and leaving the scene of an accident. Her sole argument is the trial court erred in failing to reduce the charge of manslaughter to negligent homicide. Appellant contends the State's evidence may show she was negligent but not reckless when she was driving an automobile which struck and killed a pedestrian.

Appellant was convicted pursuant to Ark. Stat. Ann. § 41-1504 (Repl. 1977), which provides a person commits

manslaughter if he recklessly causes the death of another. "Recklessly" is defined in Ark. Stat. Ann. § 41-203 (3) (Repl. 1977) as follows:

> (3) "Recklessly." A person acts recklessly with respect to attendant circumstances or a result of his conduct when he consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

Appellant contends that she was, at most, guilty of negligent homicide under Ark. Stat. Ann. § 41-1504 (Repl. 1977). A person commits negligent homicide if he negligently causes the death of another. "Negligently" is defined in Ark. Stat. Ann. § 41-203 (4) (Repl. 1977) as follows:

> (4) "Negligently." A person acts negligently with respect to attendant circumstances or a result of his conduct when he should be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

Reckless and negligent conduct as defined above are distinguished in that reckless conduct involves a conscious disregard of a perceived risk. However, a person charged with negligent homicide is assumed to have been unaware of the existence of the risk. See Commentary to Ark. Stat. Ann. § 41-203 (Repl. 1977).

In view of the foregoing, we must decide whether the record supports the trial court's finding that appellant's conduct was reckless and involved a conscious disregard of a perceived risk. On review, we consider only that evidence which is most favorable to the appellee and affirm if there is

any substantial evidence to support the verdict. *Austin* v. *State*, 268 Ark. 373, 596 S.W. 2d 691 (1980).

At trial, a Mr. Kimble testified that he was riding as a passenger in appellant's automobile when it struck the victim. Kimble stated that he had agreed to ride with appellant to North Little Rock. It was 1:30 P.M. and appellant was drinking something, but Kimble was not sure what it was.

Kimble related that appellant was speeding at one point on the trip to North Little Rock and that he asked appellant to slow down. Appellant laughed and slowed down. Kimble expressed he believed appellant had accelerated the automobile to scare Kimble. Shortly before the scene of the crime, he recalled that the appellant drove into a curve and lost control of her car. The car hit a bump or pothole which caused its back wheels to leave the pavement. At this time, Kimble saw two women walking alongside the road, and he also observed an oncoming car. Kimble said that he anticipated hitting the oncoming car. He then looked away, heard a thud and looked back to see one of the ladies with her arms thrown back, either trying to jump out of the way or having just been hit. Appellant's automobile then went into a ditch and hit several signs. Kimble stated appellant became hysterical because she had wrecked her mother's car. She refused Kimble's request to return to the scene to determine whether she had run anyone down.

At this point, another witness, Mr. Brewer, said that he had seen appellant strike the victim and leave the scene. Brewer got in his car and chased the appellant for approximately two miles. Brewer attempted to stop the appellant but, when that failed, he pulled behind her automobile to get the license plate number. Brewer later gave the license plate number to a State Trooper.

The State Trooper later found appellant's automobile at a furniture store. She was taken to the North Little Rock Police Department, and an intoximeter test was administered to appellant at about 2:00 P.M. on the same date of the crime. She registered .11%, but the officer, who had

administered the test, testified that he expected appellant to register a higher percentage of blood alcohol because she was staggering, dazed and affected with slurred speech. The officer testified further that appellant had trouble blowing into the mouthpiece of the intoximeter machine.

We believe the evidence is without doubt substantial that appellant's conduct was reckless and exhibited a conscious disregard of a perceived risk. In sum, appellant was drinking to excess during midday and was driving a vehicle at high speeds on public streets and highways in a metropolitan area. This evidence alone clearly supports that appellant's actions exhibited a conscious disregard of people's lives and property. Appellant's actions subsequent to her striking the victim served to substantiate a knowledgeable but callous lack of concern for life when she rejected her passenger's request to return to the scene to determine whether she had run anyone down. Appellant's sole expressed concern after leaving the scene was to get her car fixed. Based on these facts, we see no reason to distinguish this case from the case of *Kirkendall* v. *State*, 265 Ark. 853, 581 S.W. 2d 341 (1979), wherein the court affirmed a conviction of manslaughter on similar facts.

We affirm.

Affirmed.