Jessie Lee HUGHES *v.* STATE of Arkansas

CA CR 81-107                                    625 S.W. 2d 547

Court of Appeals of Arkansas
Opinion delivered December 16, 1981

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

Tom Glaze, Judge. This is a criminal case in which appellant was convicted of theft of property. The sole issue on appeal is whether there was sufficient evidence of value to support the conviction. The State alleged appellant took unauthorized control over property valued in excess of $100, with the purpose of depriving the owners of that property. Under the Arkansas Criminal Code, value is defined as (a) the market value of the property or services at the time and place of the offense; or (b) if the market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense. Ark. Stat. Ann. § 41-2201 (11) (a) and (b) (Repl. 1977).

In proving value, the State relied solely on the testimony of the owners of the property stolen by appellant. Appellant was charged with stealing three hubcaps from a 1976 Ford Elite vehicle owned by Ms. Hearon and one

hubcap from a 1978 Ford Thunderbird owned by Mr. Woods. Mr. Woods' testimony alone was insufficient to convict appellant since Woods related that about one year before the theft he had purchased all four hubcaps for the Thunderbird for a total purchase price of $35. He did not express an opinion as to the market value of the one stolen hubcap at the time of the offense nor to its cost of replacement. Woods' testimony as to the property's original cost is not the test for proving value since it is the owner's present interest in the property that the law seeks to protect. See Commentary to Ark. Stat. Ann. § 41-2201 (11) (a) and (b) (Repl. 1977).

If the State's proof as to value is to be sustained on appeal, it must be based on the testimony of Ms. Hearon. On direct examination, Ms. Hearon made reference to an appraisal she obtained which reflected the value of the three hubcaps stolen from her vehicle. Appellant's counsel promptly objected to this testimony as hearsay, and the trial judge instructed Ms. Hearon twice not to "tell what they told you." She stated that it was hard for her to answer and then said, "I just know what they told me." Ms. Hearon finally told the court the hubcaps were worth "ninety apiece." On cross-examination, she testified as follows:

Q. [Defense Counsel]: Now, you made a statement here that you really didn't know what the market value of the hubcaps would be. And then, finally, you stated that the hubcaps were worth ninety dollars apiece.

A. Well, I also guessed at that ninety dollars. [The witness continuing.] This particular type of hubcap, even used 1976 hubcaps, would not be worth a lot less. I feel I could have sold those hubcaps for ninety dollars apiece. I was offered, not that amount, but close to it. There's a couple of dollars less than ninety dollars. When I stated someone had told me, because it was a lot more, when someone told me. I am not good at estimating the value of hubcaps and that type of thing. I feel as though I'm pretty close. I could be mistaken.

In determining whether Ms. Hearon's testimony as to

value is sufficient to support appellant's conviction, we view that evidence in the light most favorable to the State and affirm if there is any substantial evidence to support the verdict. See *Lunon v. State,* 264 Ark. 188, 569 S.W. 2d 663 (1978), and *Smith v. State,* 3 Ark. App. 224 (November 25, 1981). The court in *Jones v. State,* 269 Ark. 119, 598 S.W. 2d 748 (1980), adopted the definition of substantial evidence found in *Pickens-Bond Construction Company v. Case,* 266 Ark. 323, 584 S.W. 2d 21 (1979), which is as follows:

> Substantial evidence has been defined as 'evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. *It must force or induce the mind to pass beyond a suspicion or conjecture.*' Ford on Evidence, Vol. 4, § 549, page 2760. Substantial evidence has also been defined as 'evidence furnishing a substantial basis of fact from which the fact in issue can reasonably be inferred; and *the test is not satisfied by evidence which merely created a suspicion or which amounts to no more than a scintilla or which gives equal support to inconsistent inferences.*' Wigmore on Evidence, Vol. IX, 3rd ed. § 2294, footnote at page 300. See also *Tigue v. Caddo Minerals Co.,* 253 Ark. 1140, 491 S.W. 2d 574; *Goza v. Central Ark. Dev. Council,* 254 Ark. 694, 496 S.W. 2d 388. [Emphasis supplied.]

In *Pickens-Bond Construction Company v. Case, supra,* the court, in discussing the question of substantiality of evidence, held that "any" evidence is not substantial evidence nor are bare conclusions without supporting facts.

We have no problem in deciding Ms. Hearon's value testimony is not substantial evidence. It was the State's burden to show by competent evidence that the value of the stolen property exceeded $100 in order to constitute a felony as charged here. *Lee v. State,* 264 Ark. 384, 571 S.W. 2d 603 (1978). Ms. Hearon experienced much difficulty in not being allowed to rely on a written appraisal she received on the hubcaps when she was asked what the hubcaps were worth. Ms. Hearon finally stated a value of "ninety apiece," but at

the same time, she admitted she just knew what they (the appraisers) told her and that she guessed at the ninety dollar figure. Taking Ms. Hearon's testimony as a whole, it is obvious the opinion she gave was either not her own or if it was, she merely offered a "guess" and that she "could be mistaken."

At one point in the cross-examination of Ms. Hearon, she stated that someone offered her close to ninety dollars for the hubcaps sometime after the hubcaps were returned to her. She gave no indication how long after the crime that this offer was made, but aside from the time factor, isolated offers for the purpose of property are not ordinarily competent evidence of its value. *Hinton* v. *Bryant*, 232 Ark. 688, 339 S.W. 2d 621 (1960). A careful scrutiny of Ms. Hearon's testimony leads only to the conclusion that the opinion she expressed as to value was a bare conclusion not supported by any facts or it was based on an isolated hearsay offer. Either way, her value testimony was not substantial evidence and cannot serve to support the felony theft of property charge.

Appellant does not contend that the hubcaps had no value. In *Cannon* v. *State*, 265 Ark. 271, 578 S.W. 2d 20 (1979), the court found on appeal that the State failed to prove the property was more than the $100 amount needed to make the offense a Class C felony. The court cured the error by reducing the conviction to one of misdemeanor theft.

When the trial court imposes punishment for a higher degree of an offense than the evidence will support, the appellate court has the power to reduce the punishment to the maximum for the lesser offense, to the minimum for the lesser offense, to some intermediate term or to remand the case to the trial court for the assessment of the punishment or for a new trial. *Collins* v. *State*, 261 Ark. 195, 548 S.W. 2d 106 (1977); *Dixon* v. *State*, 260 Ark. 857, 545 S.W. 2d 606 (1977); *Scott* v. *State*, 1 Ark. App. 207, 614 S.W. 2d 239 (1981); *Griffin* v. *State*, 2 Ark. App. 145, 617 S.W. 2d 21 (1981).

As did the court in *Cannon*, we hold that appellant's conviction must be reduced to theft of property, a Class A misdemeanor, and the judgment is to be modified to impose

a maximum term of imprisonment of one year, to be served in the Pulaski County Jail (unless the trial court shall designate another authorized place of imprisonment). The time spent by appellant in custody after the date of his arrest on this charge shall be credited against the sentence as modified. Ark. Stat. Ann. § 41-904 (Repl. 1977).

The judgment is affirmed as modified.

Affirmed as modified.

MAYFIELD, C.J., concurs.

MELVIN MAYFIELD, Chief Judge, concurring. I agree that the evidence is insufficient to support the judgment from which the defendant has appealed and that the prohibition against double jeopardy contained in the Fifth Amendment of the Constitution of the United States prevents the defendant from being tried again on the same charge. *Burks* v. *United States,* 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978) and *Greene* v. *Massey,* 437 U.S. 19, 98 S. Ct. 2151, 57 L. Ed. 2d 15 (1978).

I think, however, that we should reverse and remand with directions to the trial court to reduce the conviction to a class A misdemeanor and to assess the defendant's punishment within the limits provided for that offense.

This is what this court did in *Scott* v. *State,* 1 Ark. App. 207, 614 S.W. 2d 239 (1981) and *Griffin* v. *State,* 2 Ark. App. 145, 617 S.W. 2d 21 (1981). I am not aware of any reason why our procedure in this case should not be consistent with what we have done before and I certainly think the trial court is in a better position to determine the punishment than is this court.