Michael J. ROBINSON *v.* STATE of Arkansas

CA CR 83-160                                    664 S.W.2d 890

Court of Appeals of Arkansas
Division II
Opinion delivered February 29, 1984

*William R. Simpson, Jr.,* Public Defender, *Arthur L. Allen,* Deputy Public Defender, by: *Jerome Kearney,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Patricia G. Cherry,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant, Michael J. Robinson, was charged with a class C felony, theft of property valued at over $100.00. It was alleged

that the appellant stole four batteries from buses parked at the Little Rock School District's Bus Yard. After a non-jury trial, the appellant was convicted of theft of property valued at more than $100.00 and he was sentenced to four years in the Department of Correction. From that decision, the appellant brings this appeal.

For reversal, the appellant contends that the trial court erred in finding sufficient evidence of value to support the appellant's conviction.

On November 20, 1982, an alarm went off at the Little Rock School Bus Yard which indicated a break-in in progress through the fence surrounding the premises. The security guard contacted the Little Rock Police Department which responded by dispatching a patrol unit to the scene. When the patrol unit arrived, the police officer encountered the appellant placing a battery into the front seat of an automobile. Upon further investigation, the automobile was found to contain three other batteries. Four buses on the lot were missing batteries.

At the appellant's trial, the security guard testified that the batteries were worth $60.00 each. He was not asked about the basis for his opinion. On cross-examination, he testified that he was not involved in the purchase of batteries for the buses. The matter of his qualifications was not pursued, no motion to strike his testimony was made, and no other witness testified as to the value of the batteries. The State rested its case, the appellant moved for a reduction to misdemeanor theft, and the trial court denied the motion for reduction, and found the appellant guilty of felony theft of property.

Under Ark. Stat. Ann. § 41-2203 (Repl. 1977), theft of property is a class C felony where the property is valued at more than $100.00 but less than $2,500.00. and it is a class A misdemeanor where the value of the property is under $100.00. The State has the burden of proving value. *Lee* v. *State*, 264 Ark. 384, 571 S.W.2d 603 (1978). Value testimony must be based on facts in order to constitute substantial evidence, and testimony based on conclusions or hearsay is

not substantial evidence. *Hughes* v. *State,* 3 Ark. App. 275, 625 S.W.2d 547 (1981).

The appellant argues that it was shown that the security guard had no basis for his opinion. We disagree. All that was established was that he had an opinion as to value, and that he had no responsibility for the purchase of batteries for the district. His testimony may have been based on conjecture, experience, expertise, or anything else for all we know, since no one ever asked him. What we do know is that the trial court had before him a witness who, under oath, opined as to the value of the property stolen. The trier of fact has the duty to determine the weight to be given the testimony of the witnesses, and he did so in this case. On appeal, we are required to affirm criminal cases where we find substantial evidence to support the verdict, after viewing the evidence in the light most favorable to the State. *Lunon* v. *State,* 264 Ark. 188, 569 S.W.2d 663 (1978). We cannot say that the evidence as to value was insubstantial, even though there are obviously superior methods of proving value. We choose not to speculate as to why the State chose to rely totally on the security guard to establish value, nor as to why the defense was so unconcerned about his qualifications to so testify. It is enough to say that the trier of fact had some evidence of value before him, and, on this record, we cannot say it was insubstantial.

Affirmed.

MAYFIELD, C.J., and CRACRAFT, J., agree.