Cite as 2022 Ark. App. 351

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-20-387

| | |
|---|---|
| JOSHUA MILLER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered September 21, 2022<br><br>APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. 03CR-19-129]<br><br>HONORABLE JOHN R. PUTMAN, JUDGE<br><br>AFFIRMED |

**MIKE MURPHY, Judge**

On November 13, 2019, a Baxter County jury found the appellant, Joshua Miller, guilty of the following: obstructing governmental operations, theft of property, commercial burglary, possession of drug paraphernalia, possession of Suboxone, possession of methamphetamine, and possession of marijuana. These charges were brought in three separate cases: 03CR-18-155, 03CR-19-129, and 03CR-19-127. At Miller's insistence, they were all tried together in a two-day jury trial. The records were separated for appeal. We affirmed the underlying conviction of case number 03CR-18-155 in *Miller v. State*, 2021 Ark. App. 414. This appeal concerns the underlying case number 03CR-19-127 wherein Miller was charged with the offenses of commercial burglary, theft of property, and obstructing

governmental operations.[1] On appeal, Miller argues that substantial evidence did not support his convictions of commercial burglary and obstructing governmental operations. We affirm.

Pertinent to this appeal, the jury heard testimony from Christopher Constantine, a financial-aid officer in the admissions office at Arkansas State University-Mountain Home. He explained that he has a private office with a door that is not open to the public without invitation. He testified that on March 27, 2019, he left for lunch, turned his office lights off, and left his door only slightly ajar. He explained that when he came back, he noticed some financial-aid files were missing from his desk. These files contained the personal information necessary to process financial-aid applications. Constantine testified that he and others in the office spent several hours trying to locate the files. Eventually, he notified campus police.

Jessica Wood, an assistant in the admissions office, testified that she identified Miller from the surveillance video recording of the office. She recalled that Miller came into the admissions building wanting to apply for college and leave with an admissions letter that day. Wood stated that Miller would have had no reason to go into Constantine's office. She testified that Miller had something in his arm when he left that he did not have when he arrived.

Testimony established that after Miller had been identified as a suspect, Officers Matthew Garcia and George Eddings with the Baxter County Sheriff's Office searched

---

[1]The theft-of-property charge was nolle prossed.

Miller's residence. Upon arriving, Garcia noticed that the vehicle in the driveway was the same vehicle that Miller got into on the surveillance video. In the vehicle, Garcia found a folder with the name of one of the missing files, and upon a search of the home, he found the four missing files. Miller was subsequently arrested and taken to the sheriff's office for questioning. During questioning, Miller told Garcia that he was going back to prison soon but that if he could get a letter stating that he was going to be a student at ASU, his sentence would be shortened. Miller's recorded statement was admitted without objection at trial and played for the jury.

At the close of the State's case, Miller moved for a directed verdict. Miller's directed-verdict motions were denied. When the defense rested, Miller renewed his directed-verdict motions, which again were denied.

Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Brown v. State*, 2020 Ark. App. 198, at 3–4, 595 S.W.3d 456, 459. When reviewing the denial of a directed-verdict motion, the appellate court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the judgment or verdict and will affirm if there is substantial evidence to support the verdict. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* Evidence is sufficient to support a verdict if it is forceful enough to compel a conclusion one way or the other. *Id.*

A person commits commercial burglary if he or she enters or remains unlawfully in a commercial occupiable structure of another person with the purpose of committing in the

3

commercial occupiable structure any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(b)(1) (Repl. 2013). "Enter or remain unlawfully" means to enter or remain in or upon premises when not licensed or privileged to enter or remain in or upon the premises. Ark. Code Ann. § 5-39-101(4)(A) (Supp. 2021).

Miller argues that the trial court erred by denying his directed-verdict motion concerning the commercial-burglary charge because the State failed to meet its burden as to the element of "enter or remain unlawfully." However, Constantine testified that he has a private office, and the public at large is not allowed to enter it without invitation. Constantine did not invite Miller in. Constantine was not present when the files were taken from his office. The lights were off, and the door was only slightly open. Accordingly, Miller was not authorized to go into Constantine's office. *See Sims v. State*, 272 Ark. 308, 613 S.W.2d 820 (1981) (defendant did not have privilege or license to enter a closed door which had "employees only" sign on it); *LeFlore v. State*, 17 Ark. App. 117, 704 S.W.2d 641 (1986) (a defendant's license or privilege to go into one section of the courthouse for the purpose of retrieving his tools did not authorize him to go into other unauthorized areas for the purpose of committing theft).

Miller argues that the public is free to enter the university's financial-aid office. To support his argument, he directs us to *Todd v. State*, 2016 Ark. App. 280, 494 S.W.3d 444, wherein appellant was charged with commercial burglary after he had entered a Walmart store and shoplifted. Our court reversed, holding that there was insufficient evidence to support appellant's conviction for commercial burglary because Walmart is open to the

4

public, appellant's purpose in entering the store was not determinative, and there was no evidence that appellant had been banned from the premises. *Id.*

Here, Constantine's office was a distinct, separate area from the general financial-aid office, and it was not open to the public. Miller was not licensed or privileged to enter Constantine's office. Further, Miller's legitimate business in the financial-aid office was concluded before he entered Constantine's private office. Given this, substantial evidence established that Miller entered a private office without permission and did so with the purpose of committing a crime.

Next, Miller challenges the sufficiency of the evidence supporting his obstruction-of-governmental-operations convictions. A person commits the offense of obstructing governmental operations if the person knowingly obstructs, impairs, or hinders the performance of any governmental function. Ark. Code Ann. § 5-54-102(a)(1) (Repl. 2016). "Governmental function" means any activity that a public servant is legally authorized to undertake on behalf of any governmental unit he serves. Ark. Code Ann. § 5-54-101(6) (Supp. 2021).

Miller contends that Constantine was not working in the capacity of a "public servant," and even if he were, he was not working on behalf of a "governmental unit." Alternatively, he argues that there was no impairment of the function of the financial-aid office due to his actions because there was no evidence presented by the State that anyone was adversely affected by the theft of the files.

At trial, Miller's directed-verdict motions focused on lack of proof that his acts hindered operation of the financial-aid office. His argument that the element of "governmental function" was not met is not preserved because he did not raise the issue below, and the circuit court was never given an opportunity to rule on this issue. *See Porchay v. State*, 2021 Ark. App. 64, 616 S.W.3d 699.

Nor do we agree with the preserved portion of Miller's argument that his actions did not impair the function of the office. The testimony at trial established that Constantine, along with other employees, spent hours searching for the missing financial-aid files before it was discovered that Miller had taken them. The missing files contained the private information of four students for whom Constantine was working to process financial aid. Instead of doing that work as he intended, Constantine and others spent time searching and eventually had to report the issue to the campus police when the files could not be located. Constantine could not complete processing the files until they were recovered days later. This is substantial evidence to support Miller's convictions for obstructing governmental operations.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.