HANSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 15.   Argued September 14, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 129.)

For the plaintiff in error there were briefs and oral argument by *James H. McDermott,* state public defender.

For the defendant in error the cause was argued by *George L. Frederick,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Ralph E. Osborne,* district attorney of Monroe county.

HEFFERNAN, J.   The state's initial contention is that this court is without jurisdiction to review the action of the trial court because defendant's motion was not timely brought.   It bases this contention upon the premise that defendant's motion was one to modify the sentence and, relying upon *Hayes v. State* (1970), 46 Wis. 2d 93, 175 N. W. 2d 625, asserts that such motion was required to be made within ninety days of the imposition of sentence.   We construe defendant's motion as one to withdraw a plea of guilty and find the time limit set in *Pulaski v. State* (1964), 23 Wis. 2d 138, 126 N. W. 2d 625, to be applicable.   Accordingly, the motion in the trial court was timely, and the trial court's order is reviewable in this court.

We said in *State v. Reppin* (1967), 35 Wis. 2d 377, 384, 151 N. W. 2d 9, that a defendant who seeks to withdraw his guilty plea has the burden of showing by clear

and convincing evidence adequate grounds for the withdrawal. In *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713, we summarized the standards to be used by a trial court and the procedures to be employed by the trial judge in accepting pleas of guilty. Where the defendant sustains his burden of proof, as required by *Reppin*, and shows noncompliance with these standards, a "manifest injustice" is shown, which will result in the vacation of the judgment of conviction and which will permit the defendant to withdraw his plea of guilty.

Defendant argues that the trial judge, prior to accepting the pleas of guilty, failed to comply with the second standard of *Ernst, supra*, page 674. That standard requires that the trial judge " 'establish the accused's understanding of the nature of the crime with which he is charged and the range of punishments which it carries.' " Defendant's argument is based on the reply he made when the trial judge asked if he understood the charges to which he was pleading guilty. The defendant answered, "Entering a building without consent of the owner—stealing."

Section 943.10 (1) (a), Stats., provides:

"Whoever intentionally enters [any building] . . . without the consent of the person in lawful possession and with intent to steal . . . may be imprisoned not more than 10 years."

The public defender takes the position that defendant's reply should not have satisfied the judge that the defendant understood the crime with which he was charged, since defendant failed to state that he knew that the entry was with the *intent* to steal. Rather, the public defender argues, the defendant's reply indicated only that he understood that the elements of the crime were limited to the entry of a building and the commission of an actual theft therein. The public defender also argues that theft is no element of burglary and thus the defendant's plea, if it is given any meaning at all, can merely mean that the

defendant acknowledged guilt in respect to a crime with which he was not charged.

We cannot agree from this record that there has been a sufficient showing that the defendant failed to understand the elements of burglary. The statement made in open court was an acknowledgment of what the defendant had in fact done. He entered the building and committed a theft therein. This statement was in accord with his confession given to the sheriff and entered into evidence. The mere fact that he did not recite precisely all of the elements of the crime of burglary does not indicate that he did not understand the nature of the crime with which he was charged.

On the motion to withdraw the pleas of guilty, the trial judge pointed out that the response was an "intellectually honest" one in that the defendant stated precisely what had happened. The trial judge properly stated that the admission of the actual theft carries with it the inference that the entry was made with the intent to steal. In his findings of fact following the hearing on the motion to withdraw the pleas, the trial judge pointed out that the defendant had, on an earlier occasion, been sentenced on 10 separate counts of burglary. Under these circumstances, it is impossible without further proof to conclude that there is any merit to defendant's argument that he failed to understand the nature of the crime with which he was charged. Although the defendant was made available at the motion to withdraw the pleas of guilty and was present, he made no assertion that he did not understand the nature of the crime. Defendant's proof is limited to the bare bones assertion that the single statement of the defendant as cited above failed to recite all of its elements. This court stated in *Martinkoski v. State* (1971), 51 Wis. 2d 237, 243, 186 N. W. 2d 302:

"This court has continually stated that the defendant has the burden of establishing that his plea was made in-

voluntarily or unintelligently. *Drake v. State* (1969), 45 Wis. 2d 226, 229, 172 N. W. 2d 664. And when the trial court has heard the evidence presented on a motion to withdraw a plea of guilty this court will not upset the factual findings of the trial court unless they are contrary to the great weight and clear preponderance of the evidence. *Ernst v. State, supra,* at page 668."

We are satisfied the defendant has failed to assume his burden of proof.

Additionally, counsel contends that there was a failure to comply with the sixth standard of *Ernst*. That standard provides that the trial judge shall determine " 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' " (P. 674) Counsel argues that the prima facie case put into evidence to support the state's case on the pleas was insufficient to show that the defendant entered two of the buildings on the dates charged. The public defender acknowledges that the defendant admitted the entries of the particular buildings but contends that no evidence was elicited to show that the defendant entered those buildings on the very dates charged in the counts.

The trial judge in his findings of fact following the hearing on the motion pointed out that the sheriff testified that he went over the dates of the alleged offenses with the defendant at the time he took his statement following arrest. These are the dates stated in the information. Both the defendant and his trial attorney agreed that the sheriff's testimony was accurate. There was sufficient proof of record to show that the defendant pleaded guilty to the burglaries that took place on the dates charged.

Defendant also points out that the standard jury instruction relating to burglary provides that the entry of the premises "was without the consent of the person in lawful possession *and that the defendant knew that his*

*entry was without such consent."* (Emphasis supplied.) Wis J I—Criminal 1421. The public defender acknowledges that there was sufficient proof that the parties in possession gave no consent, but he claims that the record fails to show that the defendant knew that his entry was without consent of the person in lawful possession. He would have the state assume the burden of showing the defendant's state of mind. In the circumstances of this case, it is apparent that the burden was not upon the state to show that the defendant did not know that his entry was without consent. The Wisconsin Jury Instructions are based upon sec. 939.22 (48) (b), Stats., as well as upon sec. 943.10 (1) (a). Sec. 939.22 (48) (b) defines the term, "without consent":

" 'Without consent' means no consent in fact or that consent is given for one of the following reasons:
"(b) Because the actor purports to be acting under legal authority."

In this case there was no consent in fact. The defendant's state of mind is irrelevant because he makes no assertion that he assumed he had consent or that he purported to be acting under legal authority. Unless the defendant makes some attempt to explain away the evidence that there was no consent in fact, the state has no obligation to assert or prove the subjective state of the defendant's mind. The evidence makes it clear, and the trial judge so held, that the defendant knew that no consent had been granted, and under the facts of this case, no additional proof was required.

Defendant also argues that the circuit court was without jurisdiction to accept the guilty pleas because the information was incorrectly captioned, "County Court, Monroe County." The contention is frivolous. Defendant was bound over to the circuit court at his own request. Moreover, the defendant did, in fact, appear in circuit court and pleaded without objection to the information read in the presence of the circuit judge. No objection

to the jurisdiction of the court was made at any time prior to sentencing. The circuit court had subject matter jurisdiction, and we have frequently stated that, when a defendant appears in court and pleads without objection, he submits himself to jurisdiction of the court over his person. *Pillsbury v. State* (1966), 31 Wis. 2d 87, 142 N. W. 2d 187; *Day v State*, ante, p. 122, 187 N. W. 2d 790. Under the circumstances of this case, the erroneous caption appearing on the information was an error of form only and not of substance. It was entirely irrelevant in view of the defendant's appearance in circuit court and his submission to its jurisdiction.

*By the Court.*—Judgment and order affirmed.