LUTER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 56. Argued January 6, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 649.)

798

The cause was submitted for the plaintiff in error on the briefs of *Henry H. Luter* of Waupun, pro se, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

HEFFERNAN, J. This case is governed by the "manifest injustice" test laid down in *State v. Reppin* (1967),

35 Wis. 2d 377, 151 N. W. 2d 9. Procedures of *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713, are inapplicable, inasmuch as they apply only to guilty pleas accepted after June 2, 1969. Under *Reppin,* the defendant has the burden of showing by clear and convincing evidence that the withdrawal of the plea is necessary to correct a "manifest injustice." *Reppin,* page 385, n. 2.

Under the provisions of the *Minimum Standards for Criminal Justice* adopted by the American Bar Association, the "manifest injustice" test is satisfied when a defendant proves that he was denied effective counsel, that the plea was not ratified by the defendant, that the plea was involuntary, or that he did not receive the charge or sentence concessions contemplated by a plea agreement.

In the instant case, Luter does not contend that his counsel was ineffective. He rather argues that he did not ratify the plea entered by his attorney, that it was involuntary in that it was coerced by his attorney, and that the plea agreement, which he understood to have been made, was not kept. All of these contentions must fail for lack of proof.

Defendant's position is founded solely on his assertions of the nature of the conversation had with his attorney prior to the time of the pleas of guilty. There is no evidence whatsoever to corroborate his claim that he was promised concurrent sentences not to exceed five years. The validity of the defendant's assertion was dependent entirely on the credibility given to his testimony. All of his statements are flatly contradicted by the record and the stenographic transcript made of the proceedings at the time the pleas of guilty were accepted.

The record bears the court reporter's certification that the transcript is a true and correct transcript of the original notes taken at the time of the hearing. The

trial judge stated that every word was in that transcript. The face of the transcript indicates that the pleas were specifically made by the defendant and ratified by him, that he acknowledged that he was aware of the sentences that could be imposed, and in fact it shows that he expressed appreciation to the court for its leniency in imposing concurrent rather than consecutive sentences.

On the basis of the ample support for the judge's assertion that the defendant's story was a "complete fabrication," it was not an abuse of discretion for the trial judge to conclude that Luter's testimony was incredible.

Defendant's brief also contends that Judge GRAMLING cut short the defendant's hearing. That statement misrepresents the facts of record. There is nothing to show that Judge GRAMLING cut short the hearing or refused to hear further testimony of the defendant, his trial attorney, or of other possible witnesses. Rather, the record shows that, at the conclusion of the defendant's testimony at the hearing on the motion, defendant's attorney stated, "That is all."

It is also apparent that defendant's contention that for the time spent in the county jail he would be given five years credit toward the serving of his sentence is patently incredible when less than one year was spent in jail.

Defendant also asserts that it was prejudicial error not to set forth the plea bargain in the record. It should be pointed out that only the defendant asserts that there was a plea bargain. Moreover, at the time the plea was entered, the mandates of this court did not require that plea bargains be set forth in the record. *Mallon v. State* (1970), 49 Wis. 2d 185, 181 N. W. 2d 364; *Shavie v. State* (1971), 49 Wis. 2d 379, 182 N. W. 2d 505; *Austin v. State* (1971), 49 Wis. 2d 727, 183 N. W. 2d 56.

The defendant also claims that at the time of the plea taking, he was highly disturbed and near hysteria. The record shows the contrary. He appeared to be in full command of his faculties at the time the plea was entered, and, as stated above, volunteered the statement that he appreciated the judge's leniency.

We are obliged to concur in the trial judge's conclusion that the defendant's assertions are *in toto* incredible and complete fabrications.

The defendant failed to show by clear and convincing evidence that a "manifest injustice" has resulted by the acceptance of his pleas of guilty. The trial court did not abuse its discretion in denying the motion to withdraw them.

*By the Court.*—Order affirmed.