ARMSTRONG, Plaintiff in error, v. STATE, Defendant in error.

*No. State 202. Argued June 7, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 357.)

For the plaintiff in error there was a brief and oral argument by *Thomas W. Bertz* of Madison.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HEFFERNAN, J. Defendant asserts that the conviction was a nullity because the court did not have personal jurisdiction over the defendant. His counsel correctly points out that the preliminary examination was not timely held. He is also correct when he states that the failure to hold the preliminary examination within the time provided by statute results in the loss of personal jurisdiction over the defendant. *Crummel v. State* (1970), 46 Wis. 2d 348, 174 N. W. 2d 517; *Logan v. State* (1969), 43 Wis. 2d 128, 168 N. W. 2d 171.

It is apparent that where, as here, a proper objection has been made to the holding of the preliminary, the magistrate was without jurisdiction to proceed further. Although jeopardy had not attached and, therefore, Armstrong could have been immediately recharged, it would have been appropriate, at this juncture, for the magistrate to dismiss the complaint. The defendant, however, did not stand on his objection at the time of arraignment. Since the record shows that defendant and his counsel asserted the lack of personal jurisdiction at the time the preliminary examination was called, it is apparent that the subsequent pleas to the information constituted a knowledgeable waiver of the previously asserted defense of lack of personal jurisdiction. A defense based on lack of personal jurisdiction is waived by pleading to the information. *Belcher v. State* (1969), 42 Wis. 2d 299, 166 N. W. 2d 211; *Hanson v. State* (1971), 52 Wis. 2d 396, 190 N. W. 2d 129. If the objection made prior to the commencement of the pre-

liminary examination was to be preserved, it should have been reasserted at the time of arraignment.

Additionally, the defendant claims that the guilty pleas could not constitute a waiver because they were, in fact, coerced by the circumstances of the plea bargain. The argument carries with it the contention that the pleas themselves were therefore the result of a manifest injustice and should have been set aside by the trial court.

The defendant asserts that, prior to arraignment, the assistant district attorney informed his counsel that, if the defendant pleaded not guilty, was tried, and found guilty, a sentence of ten years on each count would be recommended, with the sentences to run consecutively. Prior to the arraignment, however, defendant's counsel and the state reached the agreement that the recommendation would be for a sentence of six years on each count, with the sentences to run concurrently. The guilty pleas were made. The prosecutor made the recommendation bargained for, and the circuit judge accepted his recommendation. These facts were fully set forth in the postconviction motion at the trial level.

The trial court made the finding that the pleas were voluntary and uncoerced. We agree with the trial court's conclusion that the pleas were not coerced merely because the district attorney's office indicated that a greater penalty would be sought in the event the case were tried. What the defendant really asserts is that, any time there is an intimation that a more severe penalty will be recommended after trial than will be recommended in the case of a plea, the plea is ipso facto coerced.

We think this position mistakes the nature of the agreement reached by defense counsel and a prosecutor. It is referred to as a plea bargain, and a bargain is exactly what it is. It partakes of the elements of bargaining, and the result agreed upon is bound to be a

compromise between the prosecutor's insistence upon a relatively high level of punishment and a defense attorney's demand for a very light sentence. In a philosophical sense, of course, a plea bargain always carries with it the implicit "threat" that the defendant will potentially suffer more severe consequences if he should go to trial and be found guilty. Plea bargaining, however, has been accepted by the United States Supreme Court (*North Carolina v. Alford* (1970), 400 U. S. 25, 91 Sup. Ct. 160, 27 L. Ed. 2d 162; *Santobello v. New York* (1971), 404 U. S. 257, 92 Sup. Ct. 495, 30 L. Ed. 2d 427) and by this court in *Farrar v. State* (1971), 52 Wis. 2d 651, 191 N. W. 2d 214, and *Luter v. State* (1972), 53 Wis. 2d 796, 193 N. W. 2d 649.

Neither this court nor the United States Supreme Court accept plea bargaining because it purports to offer exact justice to the state and the defendant. Rather, plea bargaining is accepted pragmatically as a device to speed litigation and to give the defendant an opportunity to be afforded substantial justice at his option as the result of negotiations by his counsel with the representative of the state. Related questions were considered in *Salters v. State* (1971), 52 Wis. 2d 708, 191 N. W. 2d 19. There the defendant claimed that his plea was involuntary because his bargain forced him to make the choice of standing trial on a first-degree murder charge, with a mandatory life sentence in the event of conviction, or pleading guilty to the reduced charge of homicide by reckless conduct. This court found the plea voluntary, uncoerced, and not subject to withdrawal as being the result of a manifest injustice. This court, quoting from *Rahhal v. State* (1971), 52 Wis. 2d 144, 151, 152, 187 N. W. 2d 800, said:

" '. . . Threatening a defendant or intimating a greater sentence will be meted out if defendant goes to

trial and is found guilty than if he pleads guilty has been condemned as being coercive. [Citations omitted.]

" 'However, a plea otherwise valid is not involuntary because induced or motivated by the defendant's desire to get the lesser penalty. A voluntary and intelligent choice always involves two or more alternatives, each having some compelling power of acceptance. The fact that a defendant must make a choice between two reasonable alternatives and take the consequences is not coercive of the choice finally made. The distinction between a motivation which induces and a force which compels the human mind to act must always be kept in focus. When the defendant is not given a fair or reasonable alternative to choose from, the choice is legally coerced.' " *Salters, supra,* page 712.

The very nature of plea bargaining requires that the defendant be apprised of the possible sentence which a prosecutor may recommend. As was said in *Jackson v. Cox* (4th Cir. 1970), 435 Fed. 2d 1089, 1094, "The inevitable discussion of potential punishment in plea bargaining is not so coercive that it renders a subsequent plea involuntary."

We are satisfied that the negotiations between defendant's counsel and the prosecutor did not render the subsequent plea of guilty involuntary.

Defendant also points out that his codefendant, apprehended at the same time, was given concurrent four-year sentences. The trial judge, both at the time of sentencing and at the hearing on postconviction motion, was careful to point out that the defendant's prior record was more extended and more serious than that of his codefendant. We see no abuse of discretion in the fact that two defendants with different prior records, charged and found guilty of the same crimes, received different sentences.

We conclude that the pleas of guilty were freely and voluntarily made, that they were not coerced, and that they were not the result of a manifest injustice. The

defendant was properly denied his motion to withdraw the pleas of guilty. Since it is clear that the pleas were voluntary, they constitute a waiver of any objection to the court's personal jurisdiction over the defendant.

*By the Court.*—Order affirmed.