RINEHART, Plaintiff in error, v. STATE, Defendant in error.

*No. State 192. Argued May 7, 1974.—Decided June 4, 1974.*
(Also reported in 218 N. W. 2d 323.)

For the plaintiff in error there were briefs by *Howard B. Eisenberg,* state public defender, and *Richard M. Sals,*

assistant state public defender, and oral argument by *Mr. Sals.*

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J. The defendant does not challenge the sufficiency of the evidence nor the sentence imposed. He does present several issues that blend into two contentions: (1) The officer did not have probable cause to believe the defendant committed the crimes, and (2) that an arrest without a warrant was illegal.

"Probable cause" has been defined in many cases in this court and elsewhere. A recent definition appears in *State v. Paszek* (1971), 50 Wis. 2d 619, 624, 625, 184 N. W. 2d 836, as follows:

"Probable cause to arrest refers to that quantum of evidence which would lead a reasonable police officer to believe that the defendant probably committed a crime. *Henry v. United States* (1959), 361 U. S. 98, 102, 80 Sup. Ct. 168, 4 L. Ed. 2d 134. It is not necessary that the evidence giving rise to such probable cause be sufficient to prove guilt beyond a reasonable doubt, nor must it be sufficient to prove that guilt is more probable than not. It is only necessary that the information lead a reasonable officer to believe that guilt is more than a possibility, *Browne v. State, supra,* and it is well established that the belief may be predicated in part upon hearsay information. *Draper v. United States* (1959), 358 U. S. 307, 79 Sup. Ct. 329, 3 L. Ed. 2d 327. The quantum of information which constitutes probable cause to arrest must be measured by the facts of the particular case. *Wong Sun v. United States* (1963), 371 U. S. 471, 83 Sup. Ct. 407, 9 L. Ed. 2d 441. . . ."

The entire quantum of evidence necessary to establish probable cause need not be within the personal knowledge of the individual arresting officer. In *United States v. Stratton* (8th Cir. 1972), 453 Fed. 2d 36, 37, certiorari

denied, 405 U. S. 1069, 92 Sup. Ct. 1515, 31 L. Ed. 2d 800, the court stated:

". . . probable cause is to be determined upon the objective facts available for consideration by the agencies or officers participating in the arrest; otherwise each individual officer would have to be fully briefed or informed of all of the essential factors in each case before proceeding to make an arrest upon probable cause. . . .

"The defendant does not dispute the sufficiency of the collective information available to the Secret Service agents [the Milwaukee Police Department in this case] to establish probable cause to believe that defendant had committed a felony . . . but claims that the arresting agents were not personally possessed of this knowledge.

"We think the knowledge of one officer is the knowledge of all and that in the operation of an investigative or police agency the collective knowledge and the available objective facts are the criteria to be used in assessing probable cause. The arresting officer himself need not possess all of the available information. As stated in Stassi v. United States, 410 F. 2d 946 (5th Cir. 1969), 'The officers involved were working in close concert with each other, and the knowledge of one of them was the knowledge of all. United States v. Romero, 2d Cir., 249 F. 2d 371, 374' *Id.* at 952, n. 7."

In *State v. Paszek, supra,* at page 624, we further stated:

". . . 'Probable cause' to arrest is a requirement of the fourth amendment of the United States Constitution, binding upon the individual states through the fourteenth amendment. *Giordenello v. United States* (1958), 357 U. S. 480, 485, 78 Sup. Ct. 1245, 2 L. Ed. 2d 1503. This court has recognized that art. I, sec. 11 of the Wisconsin Constitution is substantially like the fourth amendment of the United States Constitution, and that the standards and principles surrounding the fourth amendment are generally applicable to the construction of art. I, sec. 11. Therefore a finding of probable cause under federal standards will normally result in a finding of probable cause under state standards. *Browne v. State* (1964), 24 Wis. 2d 491, 503, 129 N. W. 2d 175, 131 N. W. 2d 169. . . .''

The state contends that the defendant waived his right to object to challenge the arrest when he failed to object prior to his appearance in court at his arraignment, citing *Hanson v. State* (1971), 52 Wis. 2d 396, 402, 190 N. W. 2d 129, and *Lampkins v. State* (1971), 51 Wis. 2d 564, 570, 571, 187 N. W. 2d 164. This would be correct if the defendant was seeking to challenge the personal jurisdiction of the trial court. However, in his reply brief the defendant made clear that he is not asking that the action be dismissed but rather that the statements of the defendant obtained subsequent to and as the result of an allegedly improper arrest be suppressed.

Sec. 971.31 (5) (b), Stats., provides:

"In felony actions, motions to suppress evidence or motions under ss. 971.23 to 971.25 or objections to the admissibility of statements of a defendant shall not be made at a preliminary examination and not until an information has been filed."

Thus defendant's motion to suppress was timely.

The defendant also contends that his arrest without a warrant was a violation of his fourth and fourteenth amendment rights under the United States Constitution. The fourth amendment provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The same issue was presented in a case before the United States District Court for the Eastern District of Wisconsin in *United States v. Millen* (E. D. Wis. 1972), 338 Fed. Supp. 747, 750, 751. We approve and adopt the rationale and the rule of that decision as follows:

"The defendant challenges the validity of the arrest because no warrant was obtained even though allegedly it would have been practicable to do so. Therefore, under

the theory of Wong Sun v. United States, 371 U. S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963), defendant continues any statements he made and any evidence seized subsequent to his arrest are fruits of an unlawful arrest and must be suppressed. I find this argument to be without merit.

"It has long been held that as long as probable cause for an arrest exists, arrest warrants are unnecessary, even when there is time to obtain them. See Beck v. Ohio, 379 U. S. 89, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964). As stated in the dissenting opinion by Mr. Justice WHITE in Chimel v. California, 395 U. S. 752, 778–779, 89 S. Ct. 2034, 2048, 23 L. Ed. 2d 685 (1969) :

" 'The judgment of Congress is that federal law enforcement officers may reasonably make warrantless arrests upon probable cause, and no judicial experience suggests that this judgment is infirm. . . . And this Court has regularly affirmed the validity of warrantless arrests without any indication whatever that there was no time to get a warrant, and indeed where all the circumstances pointed to the opposite conclusion. *E. g.*, Ker v. California, 374 U. S. 23 [83 S. Ct. 1623, 10 L. Ed. 2d 726] (1963) ; Draper v. United States, 358 U. S. 307 [79 S. Ct. 329, 3 L. Ed. 2d 327] (1959). . . .'

"In trying to impose search protections on the law of arrest, defendant alludes to a decision by another branch of this court in United States v. Case, No. 69–CR–95 (E. D. Wis. 1969), affirmed 435 F. 2d 766 (7th Cir. 1970). In *Case,* Secret Service agents made a forced entry into a building leased by the defendant Case and used as a printing establishment. The occupants were arrested on a charge of manufacturing counterfeit currency. The forced entry and arrests were effected without warrants even though it would have been practicable to obtain them. The Court said :

" '. . . I believe the case can and should turn primarily on the erroneous decision of the Secret Service Agents to enter these premises without first obtaining an appropriate warrant from a judicial officer . . . .' (Emphasis supplied.)

"Clearly, *Case* was aimed at the warrantless *entry* by law enforcement officers into the private occupied premises of Case. On that important ground the facts here are distinguishable, for the arrest occurred on a public street.

"The defendant does not dispute that there was probable cause for arrest. Accordingly, defendant's motion to suppress the arrest must be denied. . . ."

The Wisconsin legislature has also seen fit to authorize law enforcement officers to make arrests without warrants when they have reasonable grounds to believe that the person has committed a crime. *See* sec. 968.07 (1) (d), Stats.[1] Under the rationale set forth above, this statute is not unconstitutional as applied to the facts of this case.

Further, as in the *Millen Case, supra,* under the circumstances here it would not have been practicable to procure a warrant. Even though the crime had taken place almost a year prior to the arrest, the identification of defendant's fingerprints did not occur until the day that the officers sought to arrest the defendant. The officers' shift started at 10:30 p. m., on Saturday, July 30, 1972. They read the bulletin and proceeded to defendant's home at about midnight but he was not home. (It is judicially recognizable that it would indeed be difficult to procure a warrant at that hour or even the next day.) The defendant's mother could reasonably have been expected to inform the defendant that the police had been at his home to see him. This, in our opinion, was an exigency that made the return trip at 5 a. m., permissible if not necessary. When they arrived the second time the defendant's mother told them that the defendant was home and let them in. Thus there was no forced entry. They then met the defendant, identified him, and arrested him.

We are of the opinion the arrest was based upon probable cause and that the arrest without a warrant under the circumstances of this case was not a violation of the fourth amendment of the United States Constitu-

[1] "968.07 . . . (1) A law enforcement officer may arrest a person when: . . . (d) There are reasonable grounds to believe that the person is committing or *has committed a crime.*" (Emphasis supplied.)

tion. The trial court correctly denied the motion to suppress and the judgment should be affirmed.

*By the Court.*—Judgment affirmed.