PETERSON, Judge.
The State appeals an order granting David Sawko’s motion to dismiss a burglary charge pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure. We vacate the order.
Sawko was a maintenance employee of an apartment complex and had consent to enter any of the apartments in the course of his employment by means of a master key. He used the key to make a service call on January 20, 1992 and he alleges that he returned on January 21, 1992 to complete the service call and never entered the apartment after having the consent withdrawn. The State’s amended traverse alleges that the second entry on January 21, 1992 was not for the purpose of making a service call, but was specifically to “steal prescription medicine and/or drugs.”
The State contends that a material issue of fact exists that precludes dismissal of the burglary count, that is, whether Sawko exceeded the scope of consent. We agree. A license or invitation to enter only for the purpose of performing services does not necessarily insulate a defendant from a burglary conviction when entry is made for a purpose not authorized.
While no Florida ease has been located that considers the issue of whether a burglary charge can be based upon a defendant’s exceeding the scope of consent, other jurisdictions have upheld burglary convictions when entry was not on authorized occasions or for authorized purposes. State v. Schantek, 120 Wis.2d 79, 353 N.W.2d 832 (Wis.App. *752 1984) (extent of consent determined by facts of particular case and may reveal that consent was all-encompassing, strictly limited, or somewhere in between; burglary conviction proper of employee who, with key provided by employer, entered premises after hours and took money); LeFlore v. State, 17 Ark.App. 117, 704 S.W.2d 641 (Ark.App.1986) (courthouse maintenance worker who borrowed keys after hours to retrieve tools properly convicted of burglary because license to enter one area of courthouse did not authorize entry into other area to steal money)’; Spencer v. State, 653 S.W.2d 585 (Tex.App. 13th Dist.1983), reversed on other grounds, 672 S.W.2d 451 (Tex.Cr.App. 1984) (state proved lack of consent where thief had consent to enter apartments only to exterminate bugs and where thief was not employee of exterminating company or performing extermination on date of offenses).
We do not agree with Sawko’s argument that as long as his consent to entry for maintenance exists, he can never be convicted of burglary. The better rule is that set forth in 12A C.J.S. Burglary § 23 (1980), that a servant “is guilty of' burglary if he exceeds his rights either with respect to the time of entering or the place into which he enters.” The state alleged that Sawko’s license to enter was limited to those times when his employment required entry for service calls or maintenance. The mere fact that a person has a pass key and authorization to enter for maintenance purposes does not extend his license to enter an apartment for any purpose at any time of day and render him immune from a charge of burglary.[1]
The order dismissing the charge of burglary is vacated and we remand for further proceedings.
ORDER VACATED; REMANDED.
GRIFFIN and DIAMANTIS, JJ., concur.

. The dismissal of the burglary charge resulted from the lower court's erroneous conclusion that the jury instruction on burglary precluded consideration of the scope of the invitation or license.