GRIFFIN, J.
Luke Thomas Gruver [“Gruver”] appeals his convictions for trespass in a structure and grand theft. Although we find no error and affirm, we believe that one of his three claims of error[1] merits discussion.
At trial, the evidence showed that Gru-ver was employed by Westcott Aluminum. On December 4, 2000, he and Ronald Baxter [“Baxter”] went to install exterior gutters on the home of Pat Moses. Moses showed Gruver and Baxter the bathroom inside the back door and gave them permission to enter during the day as needed to use it, although they were working outside the home. She minded her own business as the two men worked. She walked *836 to her mailbox 100 yards up the road, visited with a neighbor for ten minutes, came back to read her mail on the porch, and was “ditzing around.” Although Moses saw Gruver walk out of the house by the downstairs bathroom, she did not see anyone in her upstairs bedroom or other parts of her house. The workers left at 3 p.m.
The following day, Ms. Moses realized that several necklaces and rings were missing from her jewelry box which was located in her upstairs bedroom. The next day, she went over to Westcott to report the theft.
Westcott’s Tammy Jerrell recalled seeing Gruver wearing a necklace the day before which he said he got from his grandfather. It matched one of the missing pieces Moses had described. Another employee also recalled that Gruver had been wearing a big gold medallion on the preceding two days similar to the description of one of the missing pieces. Gruver again said he got it from his grandfather. They reported the theft to police.
Deputy Riggins of the Marion County Sheriffs Department went to a site where both Gruver and Baxter were working. Gruver first said he knew nothing about the jewelry. However, upon being told that he had been seen wearing one of the necklaces, Gruver said the necklace belonged to his brother and was at his brother’s home. Officer Riggins and Johnson drove to the brother’s house, where the deputy learned that Gruver had given him false information. The deputy then read Gruver his Miranda rights, which Gruver waived. Gruver told him that Baxter had stolen the jewelry and given it to him to pawn,[2] but he kept one piece of jewelry. He said the necklace was hidden inside his vacuum cleaner (inside the bag) at home. Officer Riggins returned to the work site to talk to Baxter. They searched Baxter’s vehicle, in which he appeared to be living, and found nothing. In the meantime, a second deputy went to Gruver’s home and found all of the jewelry inside the vacuum cleaner except for one piece. On the way to the jail, Gruver told Deputy Riggins that the missing piece of jewelry was hidden in a light fixture at the Racetrac gas station. They went to the Racetrac, but the jewelry was gone. Gruver was convicted by the jury of trespass in a structure, as a lesser included offense of burglary, and grand theft.
On appeal, Gruver argues that he should have been granted a judgment of acquittal on the burglary charge because he had permission to enter the home to use the bathroom. He contends that Ms. Moses’ consent was given without restriction, and that in any event the burglary statute prohibits an unauthorized entry into a dwelling or structure, and not an unauthorized movement between areas within the dwelling or structure. He further argues that there must be evidence consent was withdrawn, apart form the fact that a crime occurred, before he can be convicted of burglary, and that Ms. Moses’ testimony that her consent was limited — e.g. that she did not consent to Gruver entering her home for the purpose of stealing her jewelry — does not establish that she withdrew her consent to his presence inside her home.
Gruver’s argument in this case focuses on the denial of his motion for a judgment of acquittal on the charge of burglary. However, he was acquitted of this offense by the jury, which convicted him of the lesser included offense of trespass in a structure. The charge of “trespass in a *837 structure or conveyance,” the offense of which Gruver was convicted, consists of:
(1) Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance.
§ 810.08, Fla. Stat. (1999).
The question is whether Gruver either entered upon or remained in Ms. Moses’ house, without being authorized, licensed or notified. Since lack of authorization is an element of trespass, there is no trespass when consent is present. Eltaher v. State, 777 So.2d 1208 (Fla. 4th DCA), review denied, 799 So.2d 217 (Fla.2001). Gruver contends that his unre-voked consent to enter the structure to use the bathroom prevents conviction of this offense. However, because the evidence, viewed in the light most favorable to the State, supports the conclusion that Ms. Moses limited her consent to entry into the home only to use the restroom, we find no error. Sawko v. State, 624 So.2d 751 (Fla. 5th DCA 1993); Dakes v. State, 545 So.2d 939 (Fla. 3d DCA 1989). Gruver himself admitted that he “never had permission or consent to go upstairs.” The trial court properly denied Graver’s motion for a judgment of acquittal.
AFFIRMED.
COBB and HARRIS, JJ., concur.

. We see no need to address the claim of error in denying the motion for mistrial or the denial of the motion for judgment of acquittal on the grand theft charge.

. Deputy Riggins' testimony on this issue contradicts his police report, which stated that Gruver had been given the jewelry by Baxter but knew it was stolen.