PADOVANO, J.
Anthony Bryant, the defendant, was tried by a jury and convicted of the crime of armed burglary. He appeals his conviction alleging as error the trial court’s refusal to instruct the jury that consent is a defense to the charge of burglary. Because there was some evidence to support the defendant’s claim at trial that he had permission to enter the victim’s residence, the defendant was entitled to the instruction. We are unable to conclude that the error in failing to give the instruction was harmless. Therefore, we reverse for a new trial.
The defendant lived with his mother but he often stayed with the victim, Glenda Dubenion, in her apartment. He last stayed there three days before the ihcident giving rise to the charge of burglary. Ms. Dubenion testified that the defendant did not have a key to her apartment, did not pay rent, and did not keep any of his things there. However, she acknowledged that the defendant stayed with her in the apartment four or five times a week and that the defendant’s mother had given her a food stamp card because he often ate there, as well.
The defendant was arguing with Ms. Dubenion on September 10, 2010, while the two were riding ip her car and, according to Ms. Dubenion, the defendant assaulted and battered her in the course of the argument. Ms. Dubenion stated that the defendant grabbed her around the neck and punched her on the side of her face. He was jerking the steering wheel of the car and complaining that he was tired of people using him. Ms. Dubenion tried to calm the defendant down and eventually she drove him back to his mother’s house.
Ms. Dubenion testified that the defendant tried to call her on the phone several times that evening. At one point she told him never to call her again. The defendant called again and told Ms. Dubenion that he loved her, but she hung up on him again. Shortly after this last phone call the defendant knocked on the door to Ms. Dubenion’s apartment. She described this by stating that he was “bamming” at the door. She told him, “Hold on. Hold on.” At that point, the defendant came around to her bedroom and banged on the window. Again she said, “Hold on.” The defendant went to the back of the apartment and beat three times on the sliding glass door in a second bedroom. He then kicked in the back door and entered the apartment. Once inside, he physically accosted Ms. Dubenion, grabbed two knives from her kitchen, and threatened her with them.
A police officer testified that Ms. Duben-ion flagged him down as he pulled into the apartment complex parking lot. He confirmed that the defendant was wielding a knife and standing just inside the apartment door and screaming when he arrived on the scene. The defendant does not contest the fact that he assaulted Ms. Du-benion with a weapon but he argues that he did not commit a burglary.
On this point, the defendant presented testimony from his mother and from his friend, Will Pace. Pace testified that he knew that the defendant was romantically involved with Glenda Dubenion. He stated that he had driven the defendant to *706 Dubenion’s apartment in the past and that he believed the defendant was staying there. He said that any time he needed to contact the defendant, he would call Du-benion or the defendant’s mother.
Joann Palmer, the defendant’s mother, testified that the defendant was staying with Dubenion. She stated that he had helped pay her for food one time, when she gave Dubenion a food stamp card. Ms. Palmer further testified that the defendant left clothes at Dubenion’s apartment. If she needed to talk to the defendant, she said, she called Dubenion’s house.
Based on the evidence presented by Mr. Pace and Ms. Palmer, defense counsel argued to the jury that the defendant was not guilty of burglary because he had permission to be in the apartment. Defense counsel stressed the fact that the defendant often stayed in the apartment and that Ms. Dubenion never asked him to leave. After the arguments, the trial judge asked whether the defense wanted the portion of the burglary instruction that is given when consent is raised as a defense. This part of the instruction informs the jury that the state must prove that the defendant was not licensed or invited to enter the residence. Defense counsel requested the instruction on the defense of consent, but the state objected to the instruction on the ground that Ms. Dubenion had testified that the defendant did not live there. The parties argued the point, and the court ultimately declined to give the instruction.
The jury found the defendant guilty as charged of burglary of a dwelling, with a special finding that he had committed an assault or battery and that he was armed or had armed himself during the commission of the offense. Subsequently, the trial court adjudicated the defendant guilty and sentenced him to thirty years in prison. The defendant filed a timely appeal to this court.
Burglary is defined as “[ejntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter.” See § 810.02(l)(b)l Fla. Stat. (2010). By this definition, it is a valid defense to a charge of burglary that the defendant had consent to be in the building or conveyance. See State v. Hicks, 421 So.2d 510 (Fla.1982). If the defendant meets the initial burden of establishing the defense of consent, the court must instruct the jury that the state must prove beyond a reasonable doubt that the defendant was not licensed or invited to enter the premises. See Fla. Std. Jury Inst. (Crim.) 13.1; State v. Waters, 436 So.2d 66, 69 (Fla.1983).
It is an established principle of law that the defendant is entitled to have the jury instructed on a valid defense if there is any evidence to support it. See Worley v. State, 848 So.2d 491, 492 (Fla. 5th DCA 2003). In the present case there was at least some evidence to support the defendant’s claim that he had permission to. be in the victim’s apartment. Defense witnesses testified that he kept some of his clothes there, and the victim does not deny that he spent the night there with her permission four or five times a week. Perhaps a juror would conclude that any permission the defendant had was revoked by the victim’s conduct on the night of the incident, but that is not a question for the court.
The state maintains that the evidence was too weak to support the defendant’s theory of consent, but the question is not the sufficiency of the evidence to support a conviction, rather it is whether there was any evidence to support it, how *707 ever weak or improbable. See Mathews v. State, 799 So.2d 265, 266 (Fla. 1st DCA 2001). The state focuses on the credibility of the witnesses and weight of the evidence. This does not go to the existence of evidence to support the theory of license or invitation to enter. Matters of weight and credibility are solely for the jury, not the judge. See Mathews.
It is not for us to evaluate the strength of the defendant’s claim of license or invitation. The jurors may well have thought that he was not, in fact, licensed or invited to enter the apartment even if they had been informed that license or invitation to enter would be a defense. However, there was some evidence in both the state’s case and in the defendant’s case to support the defendant’s theory of license of invitation and, for that reason, we must reverse for a new trial.
Reversed.
DAVIS and VAN NORTWICK, JJ., concur.