IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JESSE DAVID WAGERS,

      Appellant,

 v.                                                                    Case No.  5D15-2876

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 9, 2016

Appeal from the Circuit Court
for Volusia County,
Terence R. Perkins, Judge.

James S. Purdy, Public Defender, and
Thomas J. Lukashow, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, J.

      Jesse Wagers ("Appellant") appeals from his conviction for felony battery. His only

contention on appeal is that the trial court erred in refusing to give a requested jury

instruction on the justifiable use of non-deadly force. We agree and therefore reverse and

remand for a new trial.

Appellant was charged with the aggravated battery of his brother[1] who lived with Appellant and Appellant's girlfriend prior to this incident. The injuries the brother sustained were so severe that he was hospitalized for five days, he required multiple plates to hold his bones in place, and all of his teeth had to be removed.

Appellant claims that his girlfriend's testimony raised an issue of self-defense. On direct examination by the State, she testified that she saw the brother approaching Appellant in "an aggressive way." Because there was no follow up or clarification about what she witnessed, the trial judge understandably struggled with the vagueness of that testimony, and refused to give a requested jury instruction on the justifiable use of non-deadly force.[2]

This Court generally reviews the giving or withholding of a jury instruction for abuse of discretion. Cruz v. State, 971 So. 2d 178, 181 (Fla. 5th DCA 2007) (citing Worley v. State, 848 So. 2d 491 (Fla. 5th DCA 2003)).[3] However, in criminal cases, the trial court's discretion is more restricted "because a criminal defendant is entitled to have the jury

---

[1] Appellant and the victim are half-brothers, having the same father.

[2] The trial judge reasoned that if there had been any other facts presented, such as the victim approached Appellant "with his fist raised, that he was kicking at him as he was coming, that he was saying 'I'm going to kill you,' or 'I'm going to, you know, beat you up,' or anything . . ." it would have been sufficient to give the instruction.

[3] But see McConnell v. Union Carbide Corp., 937 So. 2d 148, 152-53 (Fla. 4th DCA 2006) ("Many appellate courts have held that a decision to give or withhold a jury instruction is to be reviewed under the abuse of discretion standard of review. But whether the jury should be instructed at all on an issue actually presents a question of law because the court has a duty to instruct on the law applicable to the issues litigated. Discretion arises only as to the content of the instruction. It would seem that a more accurate statement of the standard of review may well be that giving or refusing jury instructions is reviewed under a mixed standard of de novo and abuse of discretion." (internal quotation marks and citations omitted)).

instructed on his or her theory of defense if there is any evidence to support the theory and the theory is recognized as valid under the law of the state." Id. If there is any evidence to support a theory of self-defense, the trial court should give the requested instruction "however flimsy the evidence is which supports that theory . . . or however weak or improbable [the] testimony may have been." Arthur v. State, 717 So. 2d 193, 194 (Fla. 5th DCA 1998) (quotation marks and citations omitted); see, e.g., Montijo v. State, 61 So. 3d 424, 425, 427 (Fla. 5th DCA 2011) (indicating that when victim was "aggressive during confrontation" and was "highly agitated, cursed, and screamed at appellant," instruction on use of deadly force was warranted); Stewart v. State, 672 So. 2d 865, 867 (Fla. 2d DCA 1996) (concluding that when conflicting testimony was presented, including defendant's testimony that victim "proceeded toward him while yelling and swearing" in "a threatening manner," evidence was sufficient to warrant self-defense instruction). Accordingly, while the evidence supporting a self-defense instruction was indeed sparse in this case, Appellant's girlfriend's testimony was sufficient to warrant the instruction on the justifiable use of non-deadly force.

REVERSED AND REMANDED FOR A NEW TRIAL.

TORPY and WALLIS, JJ., concur.