IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ARMEN J. PILAFJIAN,

      Appellant,

v.                                                                                          Case No. 5D15-4057

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 10, 2017

Appeal from the Circuit Court
for St. Johns County,
J. Michael Traynor, Judge.

James S. Purdy, Public Defender, and
Kevin R. Holtz, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Armen Pilafjian appeals following his conviction for burglary of an occupied dwelling.[1] Pilafjian correctly asserts that the trial court erred in denying a requested jury instruction. We therefore reverse.

---

[1] Pilafjian was also convicted of battery and violating a pretrial release condition. However, he does not challenge those convictions, and we affirm as to those two charges.

Pilafjian was previously arrested on allegations of domestic violence against his former girlfriend Anne Minetti. As a condition of his release, he signed a "domestic violence pretrial release no contact order." Despite the no contact order, Pilafjian located Minetti at the residence of Cary Sparks and went there to confront her. Pilafjian entered Sparks's residence, without invitation and without knocking, and grabbed Minetti by the arm. Although the circumstances would seem to indicate an unwelcome entry, Sparks testified at trial that it was "fine" for Pilafjian to be in the residence on the day in question, and that other than Pilafjian's encounter with Minetti that day, Pilafjian "was always welcomed at [his] house." Sparks also testified that when Pilafjian started to argue with Minetti, he asked Pilafjian to leave, but Pilafjian refused. Sparks further testified that Pilafjian threatened Minetti and stated that "if he had to come back and get her that he would kill her."

Pilafjian does not dispute that he battered Minetti or that he violated the no contact order. Pilafjian argues instead that he cannot be convicted of burglary because he had permission to be at Sparks's residence on the day in question. He contends that the trial court erred in failing to give a requested jury instruction on the issue of licensed or invited entry, which he sought to establish as an affirmative defense to the burglary charge.[2] We review the failure to give a jury instruction for an abuse of discretion, although that discretion is limited in criminal cases. See Wagers v. State, 199 So. 3d 1116, 1117 (Fla. 5th DCA 2016).

---

[2] Because we find the issue of licensed or invited entry dispositive, we decline to address Pilafjian's alternative contention that the trial court erred in failing to instruct the jury under a theory of "remaining in." See § 810.02(1)(b), Fla. Stat. (2015); In re Standard Jury Instructions in Criminal Cases-Report No. 2014-08, 176 So. 3d 938, 945–46 (Fla. 2015).

Burglary is defined as entering a dwelling, structure, or conveyance with the intent to commit an offense "unless the premises are at the time open to the public or the defendant is licensed or invited to enter." See § 810.02(1)(b), Fla. Stat. (2015). Licensed or invited entry into the dwelling or structure is an affirmative defense to a burglary charge. See State v. Hicks, 421 So. 2d 510, 510–11 (Fla. 1982); see also § 810.015, Fla. Stat. (2015). If a defendant meets his burden of production, he or she is entitled to have the jury instructed on the affirmative defense. See Fla. Std. Jury Instr. (Crim.) 13.1; In re Standard Jury Instructions in Criminal Cases-Report No. 2014-08, 176 So. 3d 938, 945–46 (Fla. 2015). The instruction requires the jury, in order to convict a defendant of burglary, to find that the defendant was not invited or licensed to enter the premises. See Fla. Std. Jury Instr. (Crim.) 13.1; In re Standard Jury Instructions, 176 So. 3d at 945–46.

To establish license or invitation, a defendant may demonstrate that "(1) the premises were open to the public, (2) the defendant was a licensee, or (3) the defendant was an invitee." Delgado v. State, 776 So. 2d 233, 236 (Fla. 2000). As long as there is any evidence on the issue of consensual entry, upon request, the trial court must instruct the jury accordingly. Cf. Bryant v. State, 102 So. 3d 704, 707 (Fla. 1st DCA 2012) (noting that if there is any evidence of invited or licensed entry presented, defendant is entitled to have the jury instructed on the defense, and "matters of weight and credibility are solely for the jury, not the judge"); see also Valls v. State, 159 So. 3d 234, 238 (Fla. 3d DCA 2015).

Sparks's testimony provided sufficient evidence to warrant the requested jury instruction on the issue of license or invitation to enter the premises. He testified that it was "fine" for Pilafjian to be in his residence and that Pilafjian was "always welcomed" at

his house. Because there was some evidence supporting the affirmative defense, the question of whether Pilafjian was licensed or invited to enter Sparks's residence was a jury question. Cf. Bryant, 102 So. 3d at 705, 707. Thus, the trial court abused its discretion in denying the requested instruction on the affirmative defense.[3]

We therefore vacate Pilafjian's conviction for burglary and remand for a new trial. We affirm Pilafjian's convictions for the misdemeanor charges of battery and violation of a pretrial release condition.

AFFIRMED IN PART; VACATED IN PART; and REMANDED.

COHEN, C.J., PALMER and WALLIS, JJ., concur.

---

[3] Pilafjian also asserts that the trial court erred in denying his motion for judgment of acquittal. However, conflicting evidence was presented at trial, and the State presented evidence on each element of the burglary charge. There was sufficient evidence from which the jury could conclude that a conviction for burglary was warranted; thus, the motion for judgment of acquittal was properly denied. Cf. Jones v. State, 790 So. 2d 1194, 1198 (Fla. 1st DCA 2001) (finding trial court properly denied motion for judgment of acquittal because although some evidence supported inference that defendant had consent to enter residence, victim's testimony that she did not invite defendant to residence was sufficient to rebut that defense to burglary).