# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-4032

_____

CARL DUBOIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Suwannee County.
Paul S. Bryan, Judge.

April 25, 2018


ROBERTS, J.

Carl Garett Dubois appeals his judgement and sentence for burglary with a firearm, arguing the trial court erred in denying his motion for judgment of acquittal on that charge because the State did not disprove that he had consent to enter the home. We disagree and affirm.

The State charged the appellant with burglary with a firearm based on the allegation that he entered a vacant home, while the homeowner was away on business, and stole several firearms from a locked compartment in the bedroom. The appellant knew the homeowner because the appellant had dated the homeowner's sister. The sister would frequently stay at the home, and the appellant had visited her at the home before. The State introduced

evidence from the homeowner that the appellant and the sister had ended their relationship before the burglary occurred. The victim's sister offered contradictory testimony that she was still dating the appellant at the time of the burglary.

The appellant moved for a judgment of acquittal, arguing that he had consent to enter the home based on his relationship with the sister. He argued that the State failed to meet its burden of proving that the homeowner explicitly withdrew consent for the appellant to enter. On appeal, he argues that the trial court erred in denying his motion for judgment of acquittal. We find no error and affirm.

A trial court's denial of a motion for judgment of acquittal is reviewed *de novo* to ensure the evidence is legally sufficient to sustain a conviction. *Kemp v. State*, 166 So. 3d 213, 216 (Fla. 1st DCA 2015). This Court must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the State. *Id.*

Consent to enter is an affirmative defense to burglary. *D.R. v. State*, 734 So. 2d 455, 456, 459 (Fla. 1st DCA 1999). The appellant argues that he met his initial burden to establish the affirmative defense of consent, after which the burden shifted to the State to disprove the defense beyond a reasonable doubt. *Id.* This argument fails for several reasons. First, any implied consent to enter that the appellant did have was limited in scope to times when his girlfriend, the homeowner's sister, was present. *State v. Sawko*, 624 So. 2d 751, 752 (Fla. 5th DCA 1993) (holding that a license or invitation to enter for a particular purpose does not provide blanket consent to enter a dwelling). There was no indication that the girlfriend was in the home at the time of the burglary. Second, the State presented evidence that the appellant was no longer in a relationship with the homeowner's sister, which further undermined the viability of the appellant's already limited consent to enter. We disagree that the homeowner was obligated to expressly revoke consent here. The evidence supports a finding that consent was implicitly revoked based on the questionable status of his relationship and the fact that the homeowner's sister was not in the home when the burglary took place. *Jones v. State*,

790 So. 2d 1194, 1198 (Fla. 1st DCA 2001) (holding that consent can be implicitly revoked based on evidence).

Even if the appellant had a limited, implied consent to enter the home, he failed to prove consent as an affirmative defense under the facts of this case. The trial court properly denied the motion for judgment of acquittal on the burglary charge because it was the role of the jury to weigh the evidence surrounding the appellant's consent to enter the home in this case. *See Bryant v. State*, 102 So. 3d 704, 707 (Fla. 1st DCA 2012) (determining the credibility of evidence regarding consent is an issue of fact for the jury).

AFFIRMED.

LEWIS and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Megan Lynne Long, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.